IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JOVANNI M. TAYLOR/JOVAN,** | ) | **CASE NO. 7:20CV00497** |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **C. SHELTON, ET AL.,** | ) | By:  Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| **Defendants.** | ) | |

Plaintiff Jovanni M. Taylor, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, against prison officials at Keen Mountain Correctional Center ("KMCC"), a prison for male inmates.  The allegations are that Taylor has breasts and that upon arrival at KMCC, Taylor was deprived of bras for two months in early 2020, which caused others to harass Taylor.  Taylor also asserts that after an officer sexually assaulted Taylor in May 2020, in various ways, officers conspired to obstruct the filing of a criminal complaint against the assailant.  Taylor has also filed a motion seeking interlocutory injunctive relief.  After review of the record, the court concludes that the motion must be denied.

Taylor filed this § 1983 action in August 2020.  The court conditionally filed the action and required the return of financial information as required for an inmate to proceed with a civil action without prepayment of the $350 filing fee.  Less than a month later, Taylor filed this motion for preliminary injunctive relief.  The motion alleges that since Taylor mailed the financial information for the case to the court, some defendants and officers at KMCC have given Taylor "nasty looks."  Mot. Prelim. Inj. 1, ECF No. 6.  Another nondefendant officer allegedly yelled Taylor's name, cursed, and then gestured as though reaching for a weapon or pepper spray.  Taylor states that these actions represent retaliation for the lawsuit, causing "fear for my safety," and asks for the court to help by granting unspecified injunctive relief.  Id.

Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied. Id.

Taylor's motion fails under the first two facets of the Winter test. The motion does not state any facts suggesting that Taylor will succeed on the merits of the retaliation claim. A § 1983 retaliation claim requires facts showing that officials' adverse actions were motivated by the plaintiff's exercise of a constitutionally protected right, such as filing a lawsuit. See Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017). Other than timing, Taylor does not state facts showing that any of the adverse actions alleged in the motion is related in any way to the lawsuit. Indeed, the docket reflects that no defendant has yet been served with the complaint in this case. Taylor does not state facts showing how any defendant would otherwise have known of the lawsuit, as required for a defendant to retaliate against Taylor because of it. See Adams v. Rice, 40 F.3d 72, 74–75 (4th Cir. 1994) (finding no factual basis for § 1983 retaliation claim where complaint "failed to contain any factual allegations tending to support [plaintiff's] bare assertion" of retaliatory motive).

Taylor also does show any imminent, irreparable harm in the absence of court intervention. At the most, Taylor alleges that officers have made threatening comments and gestures on occasion, causing Taylor fear. Taylor's speculation that certain facial expressions and gestures signal an intention to cause Taylor significant harm cannot invoke the extraordinary relief the motion seeks. Moreover, mere verbal comments or gestures alone do not provide a factual basis

for any constitutional claim.  See Henslee v. Lewis, 153 Fed. App'x 178, 180 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)).

For the reasons stated, the court concludes that Taylor has not demonstrated grounds warranting the interlocutory injunctive relief that the motion seeks.  Therefore, the court will deny the motion.  An appropriate order will enter herewith.

The clerk is directed to send copies of this memorandum opinion and accompanying order to Taylor.

**ENTER**:  This  16th  day of November, 2020.

_____
Senior United States District Judge